UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00091-FDW

| | |
|---|---|
| CHARLES ANTHONY BALL, )<br> )<br>    Petitioner, )<br> )<br>vs. )<br> )<br>ERIK A. HOOKS,[1] )<br> )<br>    Respondents. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of Charles Anthony Ball's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 5.) Also before the Court is Petitioner's Motion for Subpoenas (Doc. No. 4) and Amended Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 10).

**I.     BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who was found guilty by a Henderson County Superior Court jury on November 4, 2011, of first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury. (§ 2254 Pet. 1-2, Doc. No. 5.) He was sentenced to life in prison. (§ 2254 Pet. 1.) In Petitioner's direct appeal, the North Carolina Court of Appeals found no error in the judgment. State v. Ball, 736 S.E.2d 648, 2013 WL 151011 (N.C. Ct. App.) (unpublished table decision), disc. rev. denied, 739 S.E.2d 856

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition for writ of habeas corpus name the person who has immediate custody of the petitioner as the respondent in the action. Rule 2(a), 28 U.S.C. folio § 2254; see also Rumsfeld v. Padilla, 542 U.S. 426, 434–47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, is the proper respondent in this habeas action.

1

(N.C. 2013) (Mem).

On February 21, 2014, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Henderson County Superior Court, which was denied on February 25, 2015. (§ 2254 Pet. 3.) His petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of his MAR was denied on April 23, 2015. (§ 2254 Pet. 4.) Petitioner subsequently filed a petition for writ of certiorari in the North Carolina Supreme Court, which was denied on August 20, 2015. State v. Ball, 776 S.E.2d 314 (N.C. 2015) (Mem).

On February 22, 2016, Petitioner filed a Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254, attacking his 2011 judgment in this Court. Hab. Pet., Ball v. Slagle, No. 1:16-cv-00045-FDW (W.D.N.C.), Doc. No. 1. The Court dismissed the Petition as untimely. Order Dismiss. Hab. Pet, id. at Doc. No. 15. Petitioner's subsequent appeal was dismissed, see Ball v. Slagle, 673 F. App'x 348 (4th Cir. 2017) (unpublished), and his petition for a writ of certiorari was denied by the United States Supreme Court, see Ball v. Slagle, 138 S.Ct. 148 (2017) (Mem).

On March 2, 2018, Petitioner filed a pleading titled "Rule 60 Motion" in the United States District Court for the Eastern District of North Carolina, seeking to reopen case number 1:16-cv-00045-FDW. (Doc. No. 1.) Construing the filing as a § 2254 petition, the Eastern District notified Petitioner that his filing was deficient because it was not on the proper form authorized for use in that court and because he had failed to pay the $5.00 filing fee or submit an application to proceed without prepaying fees and costs. (Doc. No. 3.) Thereafter, Petitioner filed a Motion for Subpoenas (Doc. No. 4), the instant § 2254 Petition (Doc. No. 5), and a motion to proceed in forma pauperis ("IFP") (Doc. No. 6).

On April 5, 2018, the Eastern District transferred the case to this Court, where venue is proper. (Doc. Nos. 8, 9.) Petitioner has since filed an amended IFP Motion (Doc. No. 10).

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner acknowledges in his habeas Petition that, with one exception, he raises the same grounds for relief that he raised in case number 1:16-cv-00045-FDW. (§ 2254 Pet. 12.) The one exception is a single new claim (hereinafter "13(b)"). (§ 2254 Pet. 12.)

The Antiterrorism and Effective Death Penalty Act of 1996 expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. See 28 U.S.C. § 2244(b)(3). If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another § 2254 petition challenging the same state criminal judgment unless he has obtained permission to do so from the appropriate federal court of appeals. See § 2244(b)(3)(A). If the prisoner files a subsequent § 2254 petition without authorization from the appropriate federal court of appeals, the district court is required to dismiss the petition without considering its merits. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application

containing abusive or repetitive claims.") (citation omitted).

In January 2018, Petitioner filed a motion in the Fourth Circuit Court of Appeals for authorization to file a successive habeas petition. See Mot. to File Successive Hab. Pet., In re: Charles Ball, No. 18-115 (4th Cir. filed Jan. 24, 2018), ECF No. 2. The grounds raised in Petitioner's motion in the Fourth Circuit are the same grounds for relief raised in Claim 13(b) of the instant Petition. Specifically, Petitioner contends this Court's judgment in case number 1:16-cv-00045-FDW is "null and void" because the respondent in that case violated the Federal Rules of Appellate Procedure and the Supreme Court's rules of procedure by transferring him to another prison while his petition for writ of certiorari was pending in the United States Supreme Court. Id. at 2-3; (§ 2254 Pet. Attach., Doc. No. 5 at 32.)

Rule 23(a) of the Federal Rules of Appellate Procedure, upon which Petitioner relies, provides in relevant part that when a decision in a federal habeas corpus proceeding is pending review before an appellate court, "the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule." Fed. R. App. P. 23(a). Under Supreme Court Rule 36, the custodian of a habeas petitioner whose case is pending before the Supreme Court "may not transfer custody to another person unless the transfer is authorized under this Rule." S CT Rule 36 § 1. According to Petitioner, he received notice on June 13, 2017, that "the Supreme Court had found merit with [certiorari] Petition and had accepted Petition to be heard, [sic] it was docketed awaiting review." (§ 2254 Pet. Attach., Doc. No. 5 at 32.) On June 15, 2017, Petitioner was transferred to a correctional facility within the territorial jurisdiction of the Eastern District of North Carolina. See Mot. to File Successive Hab. Pet. 3, In re: Charles Ball, id. Petitioner contends that thereafter his certiorari petition was "shot down" because the respondent named in his habeas petition no longer had custody over him. (§

4

2254 Pet. Att., Doc. No. 5 at 32.)

On February 8, 2018, the Fourth Circuit denied Petitioner's motion for authorization to file a successive habeas petition. Order Den. Mot. to File Successive Hab. Pet., In re: Charles Ball, id. at ECF No. 6. Because Petitioner has not obtained the required authorization from the Fourth Circuit to file a successive habeas petition challenging his 2011 judgment, all the claims previously raised in case number 1:16-cv-00045-FDW must be dismissed. See § 2244(b)(3)(A); Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205.

For its part, Claim 13(b), which is based on facts arising after judgment was entered in case number 1:16-cv-00045-FDW, does not state a cognizable claim for relief under § 2254. A federal habeas court may grant an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment only if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Petitioner is not in custody because he was transferred in violation of federal procedural rules while awaiting certiorari review in case number 1:16-cv-00045-FDW; he is in custody because he was found guilty by a Henderson County jury of first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury and sentenced to life in prison as punishment. In other words, Petitioner cannot obtain habeas corpus relief in the instant § 2254 action by claiming there was a procedural defect in his previous § 2254 action (No. 1:16-cv-00045-FDW). See id.

Moreover, even if such relief was available under § 2254, it would be of no help to Petitioner here. Although Petitioner's June 2017 prison transfer may have constituted a technical violation of Supreme Court Rule 36, contrary to Petitioner's assertions, it did not deprive the Supreme Court of jurisdiction to review the judgment entered by this Court in case number 1:16-

cv-00045-FDW.² Nor did it render this Court's judgment in that case "null and void." See e.g. Reimnitz v. State's Attorney of Cook County, 761 F.2d 405, 409 (7th Cir.1985) ("[A] transfer made in violation of [Fed. R. Civ. P. 23(a)] does not divest us of our jurisdiction over the action."); Goodman v. Keohane, 663 F.2d 1044, 1047 (11th Cir. 1981) (The petitioner's transfer between federal correctional facilities "in violation of Fed. R. App. P. 23(a) . . . does not entitle petitioner to relief in the form of habeas corpus. . . . [the transfer] has not prevented this court from retaining jurisdiction of [the petitioner's] appeal."); Cohen v. United States, 593 F.2d 766, 767 n.2 (6th Cir. 1979) (Cohen's transfer while appeal from denial of his habeas petition was pending "was a plain violation of Rule 23(a), Federal Rules of Appellate Procedure . . . [but] does not operate to divest subject matter jurisdiction herein." (citing Hudson v. Hardy, 424 F.2d 854 (D.C. Cir. 1970))); see also Stanko v. Obama, 434 F. App'x 63, 65 n.1, 2011 WL 2558841, at ** 1 n.1 (3d Cir. 2011) (unpublished) ("Stanko's transfer to another prison, which was not authorized pursuant to Rule 23 of the Federal Rules of Appellate Procedure, did not divest . . . us . . . of jurisdiction over this case." (citing Barden v. Keohane, 921 F.2d 476, 477 n. 1 (3d Cir.1990))).

Furthermore, Petitioner has not demonstrated he was prejudiced by his June 2017 transfer. He has provided no evidence to support his assertions that the Supreme Court initially accepted his certiorari petition as meritorious but then denied certiorari because Petitioner was transferred out of the custody of the respondent named in that action. In fact, the Supreme Court did not grant the certiorari petition at any point; instead, the Court denied it without explanation,

---

² Although he also cites Federal Rule of Appellate Procedure 23(a), Petitioner, according to his version of the procedural record in this case, was transferred after the Fourth Circuit dismissed his appeal in case number 1:16-cv-00045-FDW.

see Ball, 138 S.Ct. 148.[3]

In sum, the instant § 2254 Petition is an unauthorized, successive habeas petition. See 2244(b)(3)(A). Consequently, the Court does not have jurisdiction to consider the claims attacking Petitioner's 2011 judgment. See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205. Petitioner's Claim 13(b) alleges a procedural defect in case number 1:16-cv-00045-FDW's habeas proceedings and thus fails to state a cognizable claim for relief in this action.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus, 28 U.S.C § 2254, (Doc. No. 5) is **DISMISSED without prejudice** as an unauthorized, successive habeas petition;

2. Claim 13(b) of the Petition also is **DISMISSED** for failure to state a claim upon which relief may be granted, see 28 U.S.C § 1915(e);

3. Petitioner's Motion for Subpoenas (Doc. No. 4) is **DENIED**;

4. Petitioner's Amended Motion to Proceed In Forma Pauperis (Doc. No. 10) is **GRANTED**; and

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484

---

[3] It appears Petitioner simply has misconstrued the notice he received from the Supreme Court alerting him that his certiorari petition had been filed and docketed for review. See Notice of Filing of Cert. Pet., Ball, No. 1:16-cv-00045-FDW at Doc. No. 27. All properly filed petitions for writ of certiorari are filed, given a docket number, and placed on the docket for review. See S. Ct. R. 12, 14.

(2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 14,

Frank D. Whitney
Chief United States District Judge